# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| CARSON BLOCK, | ) | |
| *Movant,* | ) | |
| v. | ) | No. 1:24 - mc - 00873-DII |
| TECHTRONIC INDUSTRIES COMPANY LIMITED and TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., | ) | |
| *Respondents.* | ) | |

# NON-PARTY CARSON BLOCK'S OPPOSED MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

Carson Block moves to quash a subpoena for deposition testimony and the production of documents issued by Techtronic Industries Company Limited and Techtronic Industries Factory Outlets, Inc. ("TTI"), Plaintiffs in *Techtronic Industries Company Ltd., et al. v. Victor Bonilla*, No. 8:23-cv-1734-CEH-AEP (M.D. Fla.) ("Florida Action"). Mr. Block, an Austin, Texas resident, is not a party to that proceeding.

The subpoena should be quashed or a protective order should be entered because: (1) Mr. Block's deposition is an impermissible apex executive deposition; (2) the document requests to Mr. Block are overbroad, unduly burdensome, cumulative, irrelevant, and harassing, particularly because TTI previously served nearly identical requests on his company Muddy Waters and its employee Freddy Brick, both of whom are non-parties; (3) Muddy Waters and its employees are entitled to protection from disclosure of confidential business information, as well as information protected by the journalistic privilege and First Amendment. The subpoena further appears as a persistent effort to trawl for claims against Muddy Waters, not good faith discovery bearing on TTI's defamation claims against the defendant in the Florida Action.

## I. BACKGROUND

### A. Summary of the Florida Action

TTI alleges that Defendant Victor Bonilla, a short seller, issued two research reports in 2023 under the name "Jehoshaphat Research". Short sellers like Mr. Bonilla provide valuable information to the marketplace about companies and take trading positions that become profitable when a stock price declines. TTI alleges that Mr. Bonilla's reports contained defamatory statements about TTI, including that TTI engaged in fraudulent accounting practices and defrauded one of its business partners. *See* ECF 68, Amended Complaint, Florida Action, attached as Exhibit 1. The Amended

- 1 -

Complaint asserts two causes of action against Bonilla, Libel and Libel *Per Se*. *Id.* Mr. Bonilla is the only defendant in the Florida Action. Neither Carson Block, nor his firm Muddy Waters, are referenced in Amended Complaint.

In discovery in the Florida Action, TTI obtained a ▇▇▇▇▇▇▇▇▇▇ agreement ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Mr. Bonilla also allegedly discussed his research on an online platform owned by Mr. Block called Zer0es TV. *Id.* at 4.

### B. <u>Non-Parties Carson Block and Muddy Waters</u>

Mr. Block is the founder and sole owner of two related entities: Muddy Waters, LLC, a widely respected information service that disseminates investigative reports about publicly traded companies to the investment public; and Muddy Waters Capital LLC, an independent financial news organization that is also an SEC-registered investment adviser. Mr. Block resides in Austin, Texas. Muddy Waters' reports are not at issue in the Florida Action.

### C. <u>TTI's Subpoenas to Freddy Brick, Muddy Waters, and Mr. Block</u>

The Subpoena that is the subject of this motion in large measure duplicates TTI's prior discovery in the Florida Action:

<u>TTI's March 26, 2024, document subpoena to Muddy Waters' Freddy Brick</u> seeks all documents: between Mr. Bonilla and others, including without limitation those

relating to TTI (Requests Nos. 1, 2, 4, 10, 11); relating to TTI (Nos. 3, 9); regarding *Mr. Brick's* financial interests and trading in TTI securities (Nos. 5, 6); and relating to Mr. Bonilla's reports (Nos. 7, 8). *See* Subpoena to Freddy Brick, Mar. 26, 2024, Exhibit 3. Mr. Brick was separately subpoenaed for a deposition which will occur in September. *See* ECF 73, Order, Florida Action (July 17, 2024).

TTI's May 23, 2024, document subpoena to Muddy Waters seeks documents: evidencing agreements with Bonilla and others (No. 1); regarding TTI and Jehoshaphat Research (Nos. 2, 3, 5, 11); related to any trading *by Muddy Waters* in TTI securities (No. 4), which is wholly irrelevant; relating to Bonilla's two reports (Requests Nos. 6, 7); relating to Bonilla's Zer0es TV appearances (Nos. 8-10); and regarding the Florida Action (No. 12). *See* Subpoena to Muddy Waters, May 23, 2024, Exhibit 4. Muddy Waters produced documents responsive to the subpoena, subject to certain objections.

This Motion concerns TTI's July 6, 2024, and July 26, 2024, deposition and document subpoenas to Mr. Block commanding appearances on August 2, 2024 in Sacramento, California and Austin, Texas, respectively. *See* Subpoenas to Carson Block, July 6, 2024, and July 26, 2024, Exhibits 5 and 6, respectively. TTI's document requests in the two subpoenas are (a) identical to each other; and (b) identical to TTI's requests to Mr. Brick and heavily overlap those to Muddy Waters.

TTI's initial subpoena was improper because Mr. Block resides in Austin, Texas and not in Healdsburg, California. TTI's second subpoena has not yet been served on Mr. Block; also Mr. Block will not be present in Austin, Texas on August 2, 2024.

Mr. Block has objected to each subpoena. *See* Email from D. Esper to J. Sternberg, et al., July 25, 2004, Exhibit 7 (redacted to remove privileged email); Email from J. Summers to J. Sternberg, et al., August 1, 2024, Exhibit 8. Mr. Block's

- 3 -

objections include: (a) the deposition request demands an impermissible apex executive deposition; (b) the document requests are overbroad, unduly burdensome, irrelevant, and harassing, including because (i) TTI has already obtained documents from Muddy Waters and Mr. Bonilla regarding his relationship with Muddy Waters; (ii) Mr. Brick is the person at Muddy Waters who dealt directly with Mr. Bonilla and will be deposed in September; (iii) Mr. Block is not aware of any responsive documents in addition to those already produced to TTI in Muddy Waters' production; and (iv) the subpoena encroaches on privileged and confidential information protected from disclosure, including Mr. Block's rights as a journalist. Counsel for Mr. Block and TTI met and conferred on July 31, 2024 but were not able to resolve this discovery dispute.[1]

## II. ARGUMENT

The Court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter . . . or . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3). It is incumbent upon "[t]he party issuing the subpoena [to] take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *United States ex rel. Eichner v. Ocwen Loan Servicing LLC*, No. 4:19-CV-00524, 2024 WL 2922979, at *3 (E.D. Tex. June 10, 2024) (citation omitted).[2] "Rule

---

[1] Also pending in this District are TTI's motions to compel additional documents from Muddy Waters and Mr. Brick. *Techtronic Industries Company Limited, et al. v. Muddy Waters Capital, LLC*, No. 1:24-mc-803 (W.D. Tex. July 18, 2024); *Techtronic Industries Company Limited v. Freddy Brick*, No. 1:24-mc-804 (W.D. Tex. July 18, 2024). These motions have not yet been served, and counsel are working to agree upon deadlines for briefing.

[2] On good cause shown, the Court may issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" The Court may also limit the scope of discovery if the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

- 4 -

45 provides additional protections to nonparties to ensure they do not suffer an undue burden or significant expense resulting from compliance." *Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 58 (N.D. Tex. 2015); *accord Lemberg Law LLC v. Hussin*, No. 16-cv-80066, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016) ("nonparties subject to discovery requests deserve extra protection….").

### A. The Subpoena Seeking Mr. Block's Deposition Should be Quashed and a Protective Order Entered Because It Improperly Seeks the Deposition of Mr. Block, an Apex Executive

High-ranking executives may only be deposed (1) "when conduct and knowledge at the highest corporate levels of the defendant are relevant in the case," *Kimberly-Clark Corp. v. Cont'l Cas. Co.*, No. 3:05-CV-0475, 2006 WL 3436064, at *2 (N.D. Tex. 2006) (cleaned up); and (2) a party seeking such discovery has first used "less-intrusive means before taking such [a] deposition, by way of deposing lesser-ranking employees," *Ross Neely Sys., Inc. v. Navistar, Inc., No.*, 3:13-CV-1587, 2015 WL 12916401, at *1 (N.D. Tex. Apr. 9, 2015) (citing *Salter v. Upjohn Co.*, 593 F.2d 649 (5th Cir. 1979)). "Unless the executive possesses 'unique personal knowledge' about the controversy, the court should regulate the discovery process to avoid 'oppression, inconvenience, and burden' to the executive and the corporation." *Texas v. Google LLC*, No. 4:20-CV-957-SDJ, 2024 WL 3085141, at *3 (E.D. Tex. June 21, 2024) (cleaned up). That is because "seek[ing] the deposition of high-level executives (so-called 'apex' depositions) …. creates 'a tremendous potential for abuse or harassment'" that may require the court's intervention for the witness's protection under Rule 26(c). *Apple Inc. v. Samsung Elecs.*

*Co., Ltd.*, 282 F.R.D. 259, 263-66 (N.D. Cal. 2012) (denying motion to compel deposition of "a key, high-level position [where the proponent's] showing of unique knowledge and exhaustion of other means of obtaining discovery is insufficient") (cited with approval in *Google*, 2024 WL 3085141, at *4).

The subpoena seeking Mr. Block's deposition is indisputably an impermissible apex subpoena. <u>First</u>, as the founder, chief executive and sole owner of Muddy Waters who oversees all of its operations, Mr. Block is exactly the kind of "high-level official" the apex doctrine is intended to protect. <u>Second</u>, TTI will be taking in September the deposition of Freddy Brick, who did have the direct and day-to-day dealings on Muddy Water's behalf with Mr. Bonilla. This will allow TTI to discover the information to which it is entitled. <u>Third</u>, TTI has made no showing that Mr. Block has sufficient personal involvement to warrant being deposed. *See* Ex. 1.[3]

The apex doctrine therefore bars Mr. Block's deposition because TTI has failed to exhaust another source for information – Mr. Brick – and has not demonstrated that Mr. Block has unique relevant information. *See Apple Inc.*, 282 F.R.D. at 266 (apex doctrine precluded deposition where "showing of unique knowledge and exhaustion of other means of obtaining discovery is insufficient").

---

[3] During the meet and confer, Mr. Block's counsel requested TTI's good faith basis for contending that Mr. Block should be deposed. TTI's counsel stated only that (1) ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ (2) ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ and (3) a subsidiary of Muddy Waters (Zer0es TV) was involved. None of that provides a basis for concluding that non-party Mr. Block ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ ▅▅▅▅▅▅ has unique knowledge regarding the underlying claims, and thus the stated basis cannot justify Mr. Block's deposition.

### B. The Court Should Quash the Subpoena and Enter a Protective Order Because the Request for Documents Is Unduly Burdensome, Including Because It is Facially Overbroad, Duplicative, and Seeks Irrelevant Information and Documents

The Court must quash a subpoena that subjects a nonparty to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). "Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case,' such as the party's need for the documents and the nature and importance of the litigation." *MetroPCS v. Thomas*, 327 F.R.D. 600, 609 (N.D. Tex. 2018) (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)).[4] TTI's requests for documents must be quashed.

First, on its face, the requests are massively overbroad. For example, the requests demand documents concerning *any* communication – no matter what the topic – between Mr. Block and Mr. Bonilla or Mitchell Schwartz (Request Nos. 1, 2), anything relating to TTI (Request Nos. 3, 9), or *any* business relationship that Mr. Block has with Mr. Bonilla and others (Request Nos. 4, 11). TTI has not made any proposals to narrow these requests.

Second, the requests are cumulative to those issued to Muddy Waters and Mr. Brick and thus TTI has no need for the discovery sought. The Subpoena seeks from Mr. Block the very same documents it has already sought from Muddy Waters and Mr. Brick. Muddy Waters has produced responsive documents; Mr. Brick has agreed to

---

[4] The Fifth Circuit considers the following factors to determine whether the subpoena presents an undue burden: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Id.* Further, "the court may also consider the expense and inconvenience to the non-party [and] find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Id.*

search for and produce responsive documents, if any, and he will be deposed in September.  *Compare* Exhibit 3 (requests to Mr. Brick), *with* Exhibit 6 (requests to Mr. Block) and Exhibit 4 (requests to Muddy Waters).  Thus, TTI has already obtained – or will obtain – the same documents and information from Muddy Waters and Mr. Brick that it now seeks from Mr. Block.  The Court should thus grant this Motion and enter a protective order or quash the Subpoena as duplicative or cumulative of existing discovery.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

Third, the Subpoena seeks irrelevant information.  The Florida Action concerns whether Mr. Bonilla made defamatory statements concerning TTI in his two reports and any alleged injuries to TTI.  *See* Ex. 1.  That makes relevant the truth or falsity of the statements, publication, and the extent of alleged harm to TTI caused by the statements.  ███████████████████████████████████████████████████

███████████████████ and that has already been produced to TTI by Mr. Bonilla.  Ex. 9.

But that is not what TTI targets with its requests to Mr. Block.  Instead, TTI seeks information regarding Mr. Block's (or his agents', representatives', etc.) transactions in TTI shares, Ex. 7, Request No. 5-6, and his communications with Bonilla about anything at all, including, e.g., "short selling", *id.*, Nos. 1, 10.  But whether Mr. Block traded (or not) in transactions in TTI securities or profited from them has no bearing on TTI's allegations against Mr. Bonilla, namely whether Bonilla's statements are true or false or his scienter.  ████████████████████████████████████████

████████████████████████████████████████

---

[5] TTI asserts it is entitled to Mr. Block's trading information, but: (a) to the extent discoverable, it is attainable from Muddy Waters and Freddy Brick; and (b) it does not

[REDACTED]

Finally, the subpoena is unduly burdensome because Mr. Block will not be in Austin on August 2. The Subpoena commands Mr. Block's appearance for a deposition in Austin on August 2. Although Mr. Block resides in Austin, he will not be there on August 2.[6]

### C. The Subpoena Should Be Quashed and a Protective Order Entered Because It Seeks Protected Information

Muddy Waters is an investment adviser focusing on research-based short activist investing. The bases on which it makes trading decisions are proprietary and highly confidential and its inner workings should not be subject to discovery in cases where it has no direct involvement like this one.

As an initial matter, the requests seek confidential business information, Fed. R. Civ. P. 45(d)(3)(B). *See, e.g.* Ex. 6, Request Nos. 5, 6 (Mr. Block's trading positions); *id.*, No. 9 (analysis of TTI); *id.* Nos. 7, 8 (documents concerning Jehoshaphat Research's research reports). TTI has not shown any need for this information, let alone substantial need. *In re Stewart Title Co.*, No. H-09-247, 2009 WL 1708079, at *2 (S.D.

---

go to anything relevant to the defamation claims [REDACTED]

[6] The July 26 Subpoena is also objectionable on the ground that it was not served on Mr. Block. *See AM RE Syndicate, Inc. v. Gen. Ins. Corp. of India*, No. 1:22-CV-01028-VEC, 2022 WL 3108817, at *3 (W.D. Tex. Aug. 4, 2022) ("The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required.").

Tex. June 17, 2009) (quashing subpoena because it sought confidential business information and subpoenaing party did not show substantial need).

Second, the requests on their face seek information and documents potentially protected by journalism privileges. *See* Fla. Stat. § 90.5015; Tex. Civ. Prac. & Rem. Code Ann. § 22.023; *see, e.g.*, Ex. 6 at Request No. 3. Material disclosed to Mr. Block in connection with his investigation, if any, of TTI, is likely to be encompassed within this privilege. As explained, *supra*, TTI has shown no need for this information.

Third, the Subpoena should be quashed to the extent compliance would require disclosure of confidential or anonymous sources. If Mr. Block had any communications with any TTI stakeholders (including whistleblowers) informing Muddy Waters' investment decisions in TTI or otherwise – information within the scope of the document subpoena, Ex. 6, Request Nos. 3, 9 – those speakers have a First Amendment right to remain anonymous. *See Entertainment v. Does 1 - 1,427*, No. 2:11-CV-269, 2012 WL 12897376, at *2 (E.D. Tex. Mar. 16, 2012) (citing *Reno v. ACLU*, 521 U.S. 844, 870 (1997)). Nonparty discovery cannot be used as a tool to obtain information about the identities of anonymous speakers, particularly when TTI would likely not be able to seek discovery from them directly. *See, e.g., id.* (allowing disclosure on showing by subpoenaing party of, *inter alia*, wrongdoing by anonymous person, absence of alternative means, and central need for discovery).

WHEREAS, Movant Carson Block respectfully requests that the Court enter an Order quashing the Subpoena or, in the alternative, entering a protective order.

Date: August 1, 2024  By:   */s/ David C. Lawrence*

RIGBY SLACK, PLLC
David C. Lawrence
Texas Bar No. 24041304
William A. Duncan
Texas Bar No. 24124453
3500 Jefferson Street, Suite 330
Austin, Texas 78731
(512) 782-2060
dlawrence@rigbyslack.com
wduncan@rigbyslack.com

HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
John S. Summers (PA No. 41854) (*pro hac vice* motion forthcoming)
jsummers@hangley.com
Andrew M. Erdlen (PA No. 320260) (*pro hac vice* motion forthcoming)
aerdlen@hangley.com
One Logan Square, 27th Floor
Philadelphia, Pennsylvania 19103
(215) 568-6200

***Counsel for Movant Carson Block***

## LOCAL RULE CV 7(g) CERTIFICATION

Pursuant to Local Rule CV 7(g), I hereby certify that co-counsel for Mr. Block conferred with TTI's counsel by videoconference on July 31, 2024 in a good-faith attempt to resolve the matter by agreement. No agreement could be made because TTI did not accept Mr. Block's objections and refused to offer to narrow its requests or withdraw its demand to take Mr. Block's deposition.

 */s/ David C. Lawrence*  
David C. Lawrence