# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| CARSON BLOCK, | ) |
| *Movant,* | ) |
| v. | ) Case No. 1:24-mc-00873-DII |
| TECHTRONIC INDUSTRIES COMPANY LIMITED and TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., | ) |
| *Respondents.* | ) |

**CARSON BLOCK'S REPLY BRIEF IN FURTHER SUPPORT OF HIS OPPOSED MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

Movant Carson Block respectfully submits this Reply to correct certain misstatements and respond to arguments raised in TTI's Opposition (Dkt. No. 10).

**A. Mr. Block Is Entitled to Protection from Deposition as an Apex Executive**

***1. TTI has failed to carry its threshold burden of showing that Mr. Block's testimony would be relevant***. *See PA Advisors, LLC v. Google, Inc.*, 2009 WL 10741631, at *2 (E.D. Tex. Oct. 8, 2009) (proponent must meet "threshold burden of relevancy"); *Gauthier v. Union Pac. R.R. Co.*, 2008 WL 2467016, at *4 (E.D. Tex. June 18, 2008). The Florida Action is about TTI's defamation claims against Mr. Bonilla. Neither Mr. Block's nor Muddy Waters' statements or conduct are at issue. Neither is even mentioned in TTI's Complaint. Notwithstanding, TTI's lead argument is that discovery from Mr. Block could reflect Mr. Bonilla's intent, Opp. at 9. But Mr. Bonilla's intent is gleaned from Mr. Bonilla or perhaps from his dealings with Freddy Brick, the Muddy Waters employee responsible for Muddy Waters' relationship with Mr. Bonilla. TTI has already deposed Mr. Bonilla and is scheduled to depose Mr. Brick in September. Non-party Mr. Block, whose role was at most peripheral, would not bear on Mr. Bonilla's mental state or any other element of TTI's claims.[1]

***2. TTI has failed to show that Mr. Block has sufficient personal knowledge***. *See Texas v. Google LLC*, 2024 WL 3085141, at *3 (E.D. Tex. June 21, 2024) (personal knowledge required for apex deposition). Mr. Block's accompanying

---

[1] TTI's other contentions likewise have no merit: (a) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *see* Ex. 1, at ¶ 12; and (b) Muddy Waters, not Mr. Block, allegedly "promoted and republished" Mr. Bonilla's TTI research on its video channel, Zer0es TV. *See* Opp. at 4 (citing, e.g. Exs. 7-9 thereto); *see also infra* page 2, n.2.

Declaration confirms that he lacks personal knowledge sufficient to allow for his deposition. *See* Exhibit 1. It demonstrates, *inter alia*, that Mr. Block (a) did not identify TTI as a potential research target for Mr. Bonilla, Ex. 1 ¶ 8; (b) did not direct Mr. Bonilla's research of TTI or provide him any advice, analysis or technical assistance, *id.* ¶ 9; and (c) did not review an advance draft of Mr. Bonilla's first report, and to the best of his recollection, did not review an advance draft of the second report, both of which TTI alleges contain false or defamatory statements. *See* Ex. 1 at ¶¶ 11. Mr. Bonilla wrote his reports without Mr. Block's input. *Id.* ¶ 10. ███████████

███████████

███████ *Id.* ¶ 12.

TTI grasps at straws, arguing that Mr. Block has personal knowledge ███████

███████████ *Id.* at 8, 9. But that fails, too. ███████████

███████████

███████████[2]

Relying on bluster, not fact, TTI misstates that Mr. Block is a "key fact witness[]" at the "center" or "core" of an alleged "clandestine" scheme, Opp. at 2, 4. Indisputably,

---

[2] TTI also contends that "Mr. Block is personally involved in Zer0es TV's operations." Opp. at 4. TTI cites its Exhibit 9, a 7-page email chain. Yet that email chain does not support TTI's contention; Mr. Block is not a sender or recipient of any email in that chain and there is nothing in the chain showing that Mr. Block was involved in Mr. Bonilla's Zer0es TV appearances about TTI.

TTI has failed to demonstrate a factual basis for its requested apex deposition, particularly where it has not even deposed Mr. Brick, the Muddy Waters employee responsible for relationship with Mr. Bonilla. In so doing, TTI ignores its obligation to first seek discovery from Muddy Waters' lower-level employees before seeking it from Mr. Block. *See Gauthier*, 2008 WL 2467016, at *4*; Apple Inc. v. Samsung Elecs. Co., Ltd.*, 282 F.R.D. 259, 2263-66 (N.D. Cal. 2012).

**3. Contrary to TTI's contention, the apex doctrine applies to companies the size of Muddy Waters.** TTI contends that the apex doctrine does not apply to "significantly smaller corporation[s]." *See* Opp. at 6-7. That is incorrect. Neither of TTI's decisions - *Fazzino v. Roe*, 2020 WL 13228700 (W.D. Tex. Nov. 16, 2020) and *Stephens v. Big Spring Herald, Inc.*, 2020 WL 11577890 (N.D. Tex. Aug. 19, 2020) – support TTI's assertion. While an entity's size could bear on an executive's probable knowledge of relevant events (if there is an adequate showing of personal knowledge – and here there is none), the doctrine is not so limited because its rationale applies equally to companies large and small. It protects senior executives from "abuse or harassment," exactly the kind of protection needed from TTI's apparent animus towards Mr. Block. *Apple Inc.*, 282 F.R.D. at 263.

TTI's cases also have no bearing because (a) the courts concluded, unlike here, that the witnesses were directly involved in the allegations or had unique personal knowledge; and (b) the witnesses were senior executives of a *party, not* a non-party like Mr. Block. *See Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 58 (N.D. Tex. 2015) (emphasizing that Rule 45 "provides additional protections to nonparties" to avoid undue burden).

TTI's premise that Muddy Waters is "small," for purposes of the apex doctrine, also strains credulity. As Muddy Waters' Form ADV, attached as Exhibit 1 to TTI's Opposition, shows, Muddy Waters identified as a "large advisory firm," *id.* at Item 2(A), with $440 million in regulatory assets under management, *id.* Item 5(F). Additionally, Mr. Block is a prominent figure in the securities and journalism industries who routinely appears in the national news media.

**B.     The Subpoena Is Unduly Burdensome**

Mr. Block's Motion demonstrated that the Subpoena is unduly burdensome, including because it is facially overbroad, duplicative of other discovery requests, and because it seeks irrelevant information and documents. *See* Dkt. No. 2, Motion, at 7-9.

TTI's argument that the discovery sought from Mr. Block is relevant, Opp. at 9, fails for the reasons discussed above. TTI further notes that Mr. Block's documents will show "the extent to which Muddy Waters," *i.e.*, not Mr. Block, "supported and tracked Mr. Bonilla's research and reporting," Opp. at 9. Yet what Muddy Waters or Mr. Block "tracked" has nothing to do with Bonilla's intent as it concerns TTI's defamation claims.

TTI also disputes that the Subpoena is duplicative of TTI's other discovery, including the subpoena to Muddy Waters, ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ Opp. at 10. But that too has no basis because, as TTI acknowledges, ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ *see* Opp. at 4 & n.2, which is duplicative of TTI's requests in its subpoena to Muddy Waters.[3]

---

[3] TTI also mischaracterizes the meet and confer between the parties. Although the Subpoena is deficient because it is facially overbroad, *see* Motion at 7, TTI did not offer to narrow its requests to Mr. Block. As the subpoenaing party, it is incumbent on TTI to

- 4 -

## C. The Subpoena Seeks Protected Information

The Subpoena facially seeks documents and information concerning Muddy Waters' confidential business information. *See, e.g.*, Dkt. No. 2, Ex. 6, Request Nos. 5, 6 (trading positions); No. 9 (analysis of TTI); Nos. 7, 8 (documents concerning research reports). TTI argues that because it is not a "competitor" of Muddy Waters, it entitled to such information. Opp. at 10. TTI cites no authority supporting that proposition, and Muddy Waters operates in a highly competitive industry involving sensitive information. The Subpoena seeks information or documents that may well, for example, disclose Muddy Waters' full portfolio, trading strategy, clients, or other sensitive information, which should not be disclosed.

TTI also argues that the protective order in the Florida Action is sufficient to protect Muddy Waters' confidentiality interests. *Id.* Remarkably – and paradoxically – although TTI argues that the protective order allows it to review Muddy Waters' confidential information, *id.*, TTI refuses to consent to Muddy Waters' review of *its* confidential information, even if its counsel signs the protective order. But without a showing of need – and TTI has not shown any – it is not entitled to this information. *In re Stewart Title Co.*, 2009 WL 1708079, at *2 (S.D. Tex. June 17, 2009).

WHEREAS, for these reasons and those explained in his Motion, Mr. Block respectfully requests that the Court enter an Order quashing the Subpoena and entering a protective order.

---

propound requests of reasonable scope. Mr. Block further denies TTI's characterizations regarding service of the Subpoena and TTI's Motions to Compel directed to Muddy Waters and Mr. Brick, *see* Opp. at 9, 10 nn. 5, 7. Service has not been effectuated to date and TTI has not cited any authority demonstrating that it has.

| | |
|---|---|
| Date: August 16, 2024 | By:   */s/ David C. Lawrence* |

David C. Lawrence (Texas Bar No. 24041304)
William A. Duncan (Texas Bar No. 24124453)
RIGBY SLACK, PLLC
3500 Jefferson Street, Suite 330
Austin, Texas 78731
(512) 782-2060
dlawrence@rigbyslack.com
wduncan@rigbyslack.com

HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
John S. Summers (PA No. 41854) (*Admitted pro hac vice*)
Andrew M. Erdlen (PA No. 320260) (*Admitted pro hac vice*)
One Logan Square, 27th Floor
Philadelphia, Pennsylvania 19103
(215) 568-6200

jsummers@hangley.com
aerdlen@hangley.com

*Counsel for Movant Carson Block*