IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TECHTRONIC INDUSTRIES COMPANY LIMITED, AND TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., <br>    Movants, <br> V. <br><br> MUDDY WATERS CAPITAL LLC, <br>    Respondent. | § § § § § § § § § § | A-24-MC-803-DII |
| TECHTRONIC INDUSTRIES COMPANY LIMITED, AND TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., <br>    Movants, <br> V. <br><br> FREDDY BRICK, <br>    Respondent. | § § § § § § § § § § | A-24-MC-804-DII |
| CARSON BLOCK, <br>    Movant, <br> V. <br><br> TECHTRONIC INDUSTRIES COMPANY LIMITED, AND TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., <br>    Respondents. | § § § § § § § § § § | A-24-MC-873-DII |

## **ORDER**

  Before the court are the following related discovery motions in three related cases: Plaintiffs' Motion to Compel Compliance with Subpoena on Third-Party Muddy Waters Capital LLC (Dkt. 2 in 1:24-MC-803-DII), Plaintiffs' Motion to Compel Compliance with Subpoena on Third-Party Freddy Brick (Dkt. 2 in 1:24-MC-804-DII), and Non-Party Carson Block's Opposed

Motion to Quash Subpoena or, in the alternative, for a Protective Order (Dkt. 2 in 1:24-MC-873-DII).

TTI is the plaintiff in a defamation lawsuit against defendant Victor Bonilla in the Middle District of Florida, *Techtronic Industries Co., et al. v. Victor Bonilla*, No. 8:23-cv-1734-CEH-AEP (M.D. Fla.) ("Florida Action"). TTI issued subpoenas for documents to non-parties in this District: Muddy Waters Capital LLC , Freddy Brick, and Carson Block (collectively, Respondents). TTI also issued deposition subpoenas to Mr. Brick and Mr. Block. Mr. Brick is an employee of Muddy Waters, and Mr. Block is the founder and Chief Investment Officer of Muddy Waters. TTI has not asserted any claims in the Florida Action (or elsewhere) against Muddy Waters, Mr. Brick, or Mr. Block.

The three discovery matters before the court concern TTI's Motions to Compel the production of documents from Muddy Waters (1:24-MC-803) and Mr. Brick (1:24-MC-804), as well as Mr. Block's Motion to Quash Subpoena or, in the Alternative, for a Protective Order (1:24-MC-873). The parties have fully briefed these three motions. The court held a hearing on the three motions on September 17, 2024. Before the hearing, the parties attempted to resolve as many of the issues as possible and filed a Joint Notice Regarding the Status of Discovery Disputes describing the issues they resolved and what remained outstanding. Dkt. 28 in 1:24-MC-803; Dkt. 28 in 1:24-MC-804; Dkt. 24 in 1:24-MC-873.

A.  **AGREEMENTS OF THE PARTIES**

As stated in the Joint Notice (Dkt. 25-1 at 3-4), and subject to the Florida Action's Protective Order Muddy Waters, Mr. Brick, and Mr. Block will search for and produce the following categories of documents:

(1) communications between Messrs. Victor Bonilla/Mitchell Schwartz and Muddy Waters about TTI;

(2) non-privileged internal Muddy Waters documents reflecting Muddy Waters' communications with Mr. Bonilla/Schwartz about TTI;

(3) the Research Agreement between Muddy Waters, MW Domino Management LLC and Mr. Bonilla pursuant to which Mr. Bonilla was paid for his research concerning the reports that TTI alleges in the Florida Action are defamatory;

(4) a document sufficient to identify payments (and amounts owed, if any) by Muddy Waters to Mr. Bonilla concerning his TTI reports; and

(5) on-privileged Muddy Waters internal communications about Mr. Bonilla's reports regarding TTI or the Zeroes TV appearances concerning TTI.

The parties also agreed Respondents have no obligation to produce:

(1) communications with or about Messrs. Bonilla and Schwartz not relating to TTI or

(2) a privilege log concerning communications with their litigation counsel or communications reflecting such communications.

### B. REMAINING ISSUES IN DISPUTE

The parties still dispute whether Respondents must produce: (1) Muddy Waters' internal trading-related documents, (2) internal communications about TTI and communications with third parties that do not concern Mr. Bonilla, his reports or the Zeroes TV appearances, (3) a privilege log, and whether (4) Mr. Block must sit for a deposition. The hearing centered on these four issues. *Id.* at 5-6.

For the reasons stated at the hearing, the court orders as follows:

(1) Respondents are **ORDERED** to produce internal trading-related documents as requested by TTI.

(2) Respondents are **ORDERED** to produce all internal communications about TTI, Mr. Bonilla, Bonilla's reports or the Zeroes TV appearances. Respondents must also produce all external communications with third parties that relate to Mr. Bonilla, and

3

Bonilla's reports or the Zeroes TV appearances. At the hearing, TTI represented it was not seeking external communications with third parties that merely reference TTI only.

(3) Respondents represented at the hearing that they will prepare and maintain a privilege log as contemplated by the Federal Rules of Civil Procedure.

(4) Finally, Mr. Block is **ORDERED** to sit for a deposition in this matter.

All of Respondents' objections to the production of the above information and Mr. Block's deposition are otherwise **OVERRULED** for the reasons stated at the hearing.

It is so **ORDERED.**

SIGNED September 17, 2024.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE